OLEKSZA *v.* NOLAN.

1. NEGLIGENCE—EXCAVATION FOR SEWER—EVIDENCE.
    In action for damages to plaintiff's house, alleged to have been caused by defendant's negligence in constructing sewer, testimony, *held*, sufficient to sustain verdict in favor of plaintiff.

2. SAME—DOCTRINE OF RES IPSA LOQUITUR NOT APPLIED.
    It is not application of doctrine of *res ipsa loquitur* to find negligence from condition which is shown to have existed and which could have caused the damage, and all other possible explanations are excluded.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 22, 1932.. (Docket No. 27, Calendar No. 36,076.) Decided April 4, 1932.

Case by Steve Oleksza and another against Thomas D. Nolan for damages to plaintiffs' house alleged to have been caused by defendant's negligence in the construction of a sewer. Judgment for plaintiff. Defendant appeals. Affirmed.

*James I. Ellmann* (*Henry P. Rosin*, of counsel), for plaintiffs.

*John Hal Engel* (*Edmund E. Shepherd*, of counsel), for defendant.

FEAD, J. Defendant, under contract with the city of Detroit, constructed a sewer over 25 feet deep between the sidewalk and curb in front of plaintiffs' premises. Plaintiffs' house was about two years old and in good condition. A week or two after the sewer was constructed, the house moved slightly forward and was damaged. The sidewalk and pavement adjoining the sewer also sank. Plaintiffs had judgment on trial before the court.

There was ample testimony to justify the conclusion that the construction of the sewer caused the damage to plaintiffs. By force of circumstances, plaintiffs were not able to trace the moving of the house unequivocally and directly to a specific act of defendant. However, the testimony was that two possible conditions could have caused the ground to shift—that the contractor neglected to fill in with earth around the tunnel during construction, and absorption of moisture through the brick of the sewer, the ground being of a soft, damp character. The contractor himself did not think the latter condition responsible for the damage. There was evidence of voids around the tunnel which could have caused it. It is not an application of the doctrine of *res ipsa loquitur* to find negligence from a condition

which is shown to have existed and which could have caused the damage, and all other possible explanations are excluded.

The circuit judge, on view of the premises, was of the opinion that the weight of the building did not cause the ground to move, but that the land shifted because of the contractor's failure to take reasonable precautions. *Bissell* v. *Ford,* 176 Mich. 64.

In our opinion, the verdict cannot be said to be against the preponderance of the evidence, and judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.