## HOLMES *v.* GARGARO COMPANY.

1. NEGLIGENCE—RES IPSA LOQUITUR—PROXIMATE CAUSE.

   It is not an application of the doctrine of *res ipsa loquitur* to find negligence from a condition which is shown to have existed and which could have caused the damage, and all other possible explanations are excluded.

2. SAME—RES IPSA LOQUITUR.

   The doctrine of *res ipsa loquitur* has not been adopted in this State.

3. SAME—EVIDENCE.

   The happening of an accident alone is not evidence of negligence.

4. SAME—CIRCUMSTANTIAL EVIDENCE.

   Negligence may be established by circumstantial evidence.

5. SAME—EVIDENCE—INFERENCES.

   The facts and circumstances attending an injury may be such as to take the case out of the realm of conjecture and to justify a legitimate inference of negligence arising from the established facts and thereby make a prima facie case.

6. TRIAL—DIRECTED VERDICT—NEGLIGENCE—RES IPSA LOQUITUR.

   The testimony and all legitimate inferences that may be drawn therefrom must be viewed in the light most favorable to the plaintiff in determining whether or not he has established a prima facie case of negligence when weighed against defendant's motion for a directed verdict in its favor, although the doctrine of *res ipsa loquitur* is not recognized.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 38 Am Jur, Negligence § 295 *et seq.*
[3] 38 Am Jur, Negligence § 285 *et seq.*
[4] 38 Am Jur, Negligence § 333.
[5] 38 Am Jur, Negligence § 298 *et seq.*
[6] 53 Am Jur, Trial § 394.
[7] 38 Am Jur, Negligence § 344 *et seq.*

7. Negligence—Vibration—Cement Trucks—Question for Jury.
Issue of defendant general contractors' negligence in action
against them by property owners whose home was damaged by
vibrations from congregation of from 5 to 10 cement trucks
for 4 to 6 hours a day, 5 days a week, for 2 to 3 weeks *held*,
to have properly been left to jury, where although the trucks
belonged to a subcontractor, defendants' employee ordered the
materials to be delivered at specified periods which accounted
for the necessity of standing in procession and producing the
vibration.

Appeal from Wayne; Bohn (Theodore R.), J.
Submitted December 4, 1962. (Docket No. 85, Calendar No. 49,691.) Decided December 31, 1962.

Case by Alan E. Holmes and Cornelia Holmes
against Gargaro Company, a Michigan corporation,
and S. A. Healy Company, an Ohio corporation, for
damages to house caused by use of heavy trucks in
residential area. Verdict and judgment for plaintiffs in common pleas court affirmed in circuit court.
Defendants appeal. Affirmed.

*Devine, Kent & Devine,* for plaintiffs.

*Cary, BeGole & Martin (William A. Joselyn,* of
counsel), for defendants.

Adams, J. This is an appeal from a circuit court
judgment affirming a jury verdict rendered for the
plaintiff in the common pleas court in Detroit.

Plaintiffs' home is located in an area where the
Wayne county drain commissioner had contracted
with defendants for the construction of a drain
project. Defendants, general contractors, utilized
concrete for lining the drain. They purchased it
from the Thomas E. Currie Company. The defendants gave instructions as to the amount desired and
the time and place for delivery. The Currie Company cement trucks when loaded weighed between 40

and 50 thousand pounds. Five to 7, or even possibly 8 to 10 trucks would line up in front of plaintiffs' home, their motors running, in readiness to drive up a ramp and dump the loads. The mixing chambers were rotating constantly. The trucks operated in this fashion for 4 to 6 hours a day, 5 days a week for 2 to 3 weeks.

Plaintiffs testified that the trucks caused a vibration and a jarring of the ground. The vibration shook the television picture and rattled the windows. Large cracks appeared in the basement walls. Substantial repairs were necessitated.

Other testimony showed that the soil around plaintiffs' home was sandy and subject to movement by vibration, that the streets in the neighborhood were residential streets, and that there was no other feasible route by which the cement could have been delivered. Trucks were directed to various job sites by defendants' employee who testified he had general supervision over the project.

Defendants contend that a verdict should have been directed in their favor. They also claim that the defendants were not responsible for the negligent acts of the Currie Company.

Circuit Court Judge Theodore R. Bohn ably reviewed the trial in the common pleas court. In his opinion he said in part:

"Negligence can be inferred from all the facts. In *Bosch* v. *Damm,* 296 Mich 552, at p 526, the court, citing *Oleksza* v. *Nolan,* 258 Mich 240, said:

" ' "It is not an application of the doctrine of *res ipsa loquitur* to find negligence from a condition which is shown to have existed and which could have caused the damage, and all other possible explanations are excluded." '

"In the case of *Pattinson* v. *Coca-Cola Bottling Co. of Port Huron,* 333 Mich 253, 256, 257, the court, in

quoting from *Burghardt* v. *Detroit United Railway,* 206 Mich 545, 546, 547 (5 ALR 1333), said:

" ' "This Court has not adopted the rule *res ipsa loquitur;* we have uniformly held that the happening of the accident alone is not evidence of negligence; and we have as uniformly held that negligence may be established by circumstantial evidence, and that where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts that at least a prima facie case is made." '

"In the case of *Weisenberg* v. *Village of Beulah,* 352 Mich 172, at pp 183, 184, Justice VOELKER discusses the doctrine of *res ipsa loquitur,* as follows:

" 'This much, however, is clear: The facts and circumstances attending an injury may be such as to take the case out of the realm of conjecture and to justify a legitimate inference from established facts. The primary difficulty in each case, on the substantive side, relates to the sufficiency, as a matter of proof, of the circumstantial evidence presented. But this problem is not unique to the negligence field. To it no definite answer can be given. We are in the realm of what is known to our communities and our juries as "common sense" and we say this with full realization that the common sense of today may, tomorrow, be described as nothing more than a common delusion. But we try our case today and we must use today's experiences, not tomorrow's wisdom, or even yesterday's Latin, as our standard.

" 'Despite our devoted lip service to the doctrine that *res ipsa loquitur* is not recognized in this State, we have many times also held (frequently even in the same cases where we insisted that the doctrine did not apply) that the testimony and all legitimate inferences that may be drawn therefrom must be viewed in the light most favorable to the plaintiff in determining whether he has established a prima facie case when weighed against defendant's motion for a peremptory verdict in his favor at the close of plaintiff's proofs.

" 'See *Firemen's Insurance Company* v. *Sterling Coal Co.,* 348 Mich 564, 568, citing cases, and *Pollock* v. *Farmers Mutual Fire Insurance Co.,* 349 Mich 12, 16. Also, see generally, *Schoepper* v. *Hancock Chemical Co.,* 113 Mich 582, 586; *Serviss* v. *Ann Arbor R. Co.,* 169 Mich 564, 569; *Eaton* v. *Consumers Power Co.,* 256 Mich 549, 552.'

"It was further held in the case of *Gapske* v. *Hatch,* 347 Mich 648, that negligence may be inferred from circumstantial evidence as well as from direct proofs.

"Defendants further contend that the trucks were owned by the supplier, an independent contractor over whom they had no control. However, according to the testimony, the defendants were general contractors and had control over the supplier's trucks. Defendants ordered materials and had them delivered at specified periods of time. It was having these materials delivered at specified periods of time that accounted for the trucks being required to stand in procession and in such large numbers. This, in turn, according to the testimony, produced the vibration and damage to plaintiffs' home."

We agree with the trial court and the circuit court that in this case there were controverted issues of fact which were properly for determination by the jury and from which a jury properly could find actionable negligence of defendants. The judgment of the lower court is affirmed. Costs to appellees.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAV-ANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.