## POWERS *v.* HUIZING.

1. NEGLIGENCE—STANDARD OF CARE.

   The occupier of land is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection.

2. SAME—STANDARD OF CARE—INVITEES.

   The occupier of land must not only use care not to injure the visitor to his premises by negligent activities and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 92 *et seq.*
[2, 3] 38 Am Jur, Negligence § 96 *et seq.*
[4, 5] 4 Am Jur 2d, Amusements and Exhibitions §§ 93, 106.
  Liability of operator of skiing, tobogganing, or bobsledding facilities for injury to patron or participant. 94 ALR2d 1431.
[6] 5 Am Jur 2d, Appeal and Error, § 839; 58 Am Jur, Witnesses § 862.
[7, 8] 38 Am Jur, Negligence § 301 et seq.

3. SAME—STANDARD OF CARE—PREMISES OPEN TO PUBLIC.

    The fact that premises are open to the public will call for greater care by the occupier of land than in the case of a visitor at a private home.

4. SAME—EVIDENCE.

    The presence of slush in a concrete toboggan chute was a dangerous condition.

5. SAME—STANDARD OF CARE.

    Defendant operators of a toboggan run were required in fulfilling their duty to plaintiffs, paid customers using the run, properly. to inspect the toboggan chutes for obstructions, or other dangerous conditions, including slush that was present close to the bottom of the run.

6. WITNESSES—CREDIBILITY—JUDGES.

    The credibility of witnesses is left to the judge sitting without a jury and findings of fact will not be set aside unless clearly erroneous.

7. NEGLIGENCE—EVIDENCE—TOBOGGAN RUN.

    Evidence presented in nonjury action by patrons of toboggan run against its owner for injuries received while using run *held*, to support trial court's finding of causative negligence on part of defendant owner, there being no resort to express or implied application of the doctrine of *res ipsa loquitur*.

8. SAME—RES IPSA LOQUITUR—PROXIMATE CAUSE.

    Finding negligence from a condition which is shown to have existed and which could have caused the damage complained of, when all other possible explanations are excluded, is not an application of the doctrine of *res ipsa loquitur*.

Appeal from Ottawa; Smith (Raymond L.), J. Submitted October 4, 1967, at Grand Rapids. (Docket No. 2,803.) Decided March 18, 1967.

Complaint by Roy and Shirley Powers against Louis and Joan Huizing, to recover for injuries sustained by Shirley Powers while tobogganing at defendant's toboggan run. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Alexander S. Jarosz,* for plaintiffs.

*Schmidt, Smith & Howlett,* for defendants.

HOLBROOK, J.  Plaintiffs, Roy and Shirley Powers, husband and wife, brought suit against defendants Louis and Joan Huizing, doing business as "Hula Heights," to recover for injuries sustained by Shirley Powers while tobogganing at Hula Heights. The trial court sitting without a jury entered a judgment for plaintiffs.  Defendants appeal from the trial court's denial of their motion to vacate judgment.

The pertinent facts are as follows: Defendants maintained, near Hudsonville, the Hula Heights toboggan run containing 6 concrete chutes designed to guide toboggans down a slope along predetermined paths.  Each chute was constructed with curbing on both sides to prevent the descending toboggans from deviating from their paths.  Ice was built up on the chutes by a slow process of water spraying and natural freezing.  The accident occurred on the evening of December 26, 1960, after unseasonably warm weather with temperatures ranging up to 41 degrees the day before and 38 degrees at 4 a.m. on the day in question according to the records of the Kent county weather station.

Plaintiffs and 2 other couples arrived together at the toboggan run at about 8:30 p.m., paid the admission fee, and proceeded down one of the iced chutes on a toboggan furnished by defendants. There was testimony by several of the participants in the group going down on this particular ride that as the toboggan reached the bottom of the first hill at a high rate of speed, the sound of wood grating on concrete was heard, the rate of speed was sharply reduced, the toboggan veered to one side, then to the other and jumped the curbing, leaving only 2 of the 6

riders remaining on the toboggan. Mrs. Powers was one of those thrown from the toboggan and as a result, suffered a knee injury. There was abundant uncontradicted testimonial evidence that at the point of sudden deceleration the chute was covered with slush for at least several feet.

One of the participants, Mrs. Brown, who had many years of tobogganing experience, testified that she believed the slush slowed down the toboggan and caused the accident resulting in plaintiff's injuries. Mr. Van Til, a former chute attendant at defendants' toboggan run, who also had extensive previous experience in tobogganing, agreed from the witness stand that slush at the bottom of the hill would tend to slow down the toboggan. Defendant, Louis Huizing, admitted that slush on a run has the effect of slowing down a toboggan. He testified, however, that he believed the accident was caused by a deliberate rocking and twisting of the toboggan by the lead man to give the group an extra thrill. The lead man, Mr. Mersman, and other members of the group testified that this was not true.

Three questions are raised for review which can be stated as follows:

(1) Was there sufficient testimony to permit the trial court to properly find that the defendants failed to exercise ordinary care either with respect to the maintenance of their facility or the giving of warning of possible danger that they knew or should have known about by proper inspection?

(2) Did the trial court improperly apply *res ipsa loquitur* in holding defendants liable?

(3) Could the plaintiffs sustain their burden of proof without any expert testimony and in the face of defendant Louis Huizing's expert testimony that slush on a toboggan slide would not affect a toboggan

loaded with 6 adults traveling 50 to 60 miles per hour?

The trial judge in his written opinion made the following finding:

"The finding, by the court, of the presence of slush at the bottom of the slide is tantamount to a finding that the work of creating ice and the inspection made at that time was faulty.  There was evidence that the preceding two days had been warm and that by reason of this fact slush would have been created during the warmth of the daytime which conditions would have to be dealt with in [the] cool of the evening before the chutes could have been used with safety.  The fact that a toboggan with one person aboard made the descent in safety does not alter the court's finding that slush was encountered on the following descent when the toboggan was occupied by 6 grown persons.  The increased weight certainly would account for the different experiences.

"The court finds the defendants guilty of ordinary negligence in failing to maintain the chute in a safe condition considering the use to which the premises were put.  The court likewise fails to find the plaintiffs guilty of contributory negligence."

We believe that the first and third issues may be considered together.

The standard of care required of defendant is succinctly stated in Prosser on Torts (3d ed), pp 402, 403, as follows:

"The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection.  But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm.  The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also

inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use. The obligation extends to the original construction of the premises, where it results in a dangerous condition. The fact that the premises are open to the public must be taken into account, and will call for greater care than in the case of a visitor at a private home." Also, see *Kroll* v. *Katz* (1965), 374 Mich 364. (Footnotes omitted.)

The undisputed testimony was to the effect that there was slush in the toboggan chute close to the bottom of the run. There was positive evidence from plaintiffs' witnesses that this caused the toboggan to leave the chute. The presence of slush in the concrete toboggan chute was a dangerous condition, and if not testified to directly, was a permissible inference from the physical facts present in this case. *Kaminski* v. *Grand Trunk Western Railroad Company* (1956), 347 Mich 417. Defendants were required in fulfilling their duty to plaintiffs to properly inspect the toboggan chute for obstructions, or other dangerous conditions, including the slush that was present. This defendants did not do.

There was conflicting evidence as to the issues of causation and foreseeability. Even aside from the propriety of inferences that may be drawn from the established physical facts, the evidence presented by the plaintiffs, and believed by the trial court in this case, was sufficient to justify the verdict, notwithstanding the fact that defendant Louis Huizing, as an expert witness, gave his opinion to the contrary. The credibility of the witnesses is left to the judge sitting without a jury and findings of fact will not be set aside unless clearly erroneous. *Kirilloff* v. *Glinisty* (1965), 375 Mich 586, 592. Also, see *In re Estate of Donley* (1966), 3 Mich App 458, 462.

Plaintiffs assert that the trial judge improperly applied the rule of *res ipsa loquitur* in holding for plaintiffs in this case. In a recent case ruled on by this Court, *Haase* v. *DePree* (1966), 3 Mich App 337, we stated on p 346 as follows:

"The applicability of the rule in Michigan appears to be limited to allowing on occasion the trier or triers of the facts to infer negligence from all the circumstantial evidence present in a case."

In the instant case, the doctrine was not mentioned or applied *sub silentio* by the trial court. There was no lack of proof here and causative negligence was not established *in vacuo* but from competent evidence.

" 'It is not an application of the doctrine of *res ipsa loquitur* to find negligence from a condition which is shown to have existed and which could have caused the damage, and all other possible explanations are excluded.' " *Holmes* v. *Gargaro Company* (1962), 368 Mich 589, 591.

Affirmed. Costs to appellees.

FITZGERALD, P. J., and BURNS, J., concurred.