*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERTO TREVINO,

        Plaintiff-Appellant,

v

PULASKI CIVIC CLUB,

        Defendant-Appellee.

UNPUBLISHED
September 22, 2022

No. 357684
Wayne Circuit Court
LC No. 19-013085-NI

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

In this premises liability action,[1] plaintiff, Roberto Trevino, appeals by right the trial court's order granting summary disposition in favor of defendant, the Pulaski Civic Club. We affirm.

## I. BACKGROUND

The Pulaski Civic Club is an organization that was originally founded in 1933 for the purpose of assisting Polish immigrants. It subsequently evolved to be open to everyone. The Club's premises consist of a bar and a "hall." The hall is a separate room that can be rented out for events and is partitioned off from the bar on such occasions. One of the amenities in the hall is a modular stage consisting of six-inch-high sections that can be placed next to or on top of each other. On the date of the incident, the stage had been configured to be "double stacked," i.e., twelve inches high, for several weeks.

On June 1, 2019, a member of the club rented the hall to host a private birthday party, during which the hall was partitioned off from the bar. Plaintiff, a member of the club, was hired by the celebrant's mother to DJ the party. Plaintiff had used the stage before, but he had never seen it in a double-stacked configuration. Plaintiff arrived at approximately 3:00 p.m. that day, by

---

[1] Plaintiff originally also alleged a claim for negligence, but he stipulated to the dismissal of that claim.

which time the mother of the celebrant was already there. Plaintiff, with the assistance of another person, set his equipment up on the stage from the front and accessed the stage by stepping up onto the stage from the front. At approximately 5:00 p.m., plaintiff, while on the stage, discovered a problem with one of his speakers. Plaintiff attempted to leave the stage by the side, where he saw what appeared to be a concrete block serving as an improvised "step." Plaintiff stepped down onto that block, which "wobbled," causing him to lose his balance and fall, seriously injuring his wrist. Plaintiff's fall was apparently not directly witnessed by anyone.

As it would turn out, the improvised step was in fact two concrete blocks (variously referred to as patio blocks, cinder blocks, or paver blocks) stacked on top of each other. No one knew where they came from, and they did not belong to defendant, nor were they placed there by anyone associated with defendant. There was also almost no evidence of how long they had been there; the only evidence was the birthday celebrant's mother's testimony that the blocks were already there when she arrived. Plaintiff contends that the improvised step was a hazardous condition of the premises. He does not allege that defendant created the hazardous condition, nor does he allege that defendant was actually aware that the improvised step was hazardous. Rather, plaintiff alleges that defendant was on constructive notice of the hazardous condition because it had a duty to inspect its premises and it should have become aware of the improvised step before the date of the birthday party. The trial court granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(10), reasoning that there was insufficient evidence of how long the blocks had been present or that defendant should have become aware that a dangerous condition existed.

## II. STANDARD OF REVIEW

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A trial court may properly grant a motion for summary disposition pursuant to MCR 2.116(C)(10) "when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

The courts should give the non-moving party "the benefit of any reasonable doubt" and "should be liberal in finding that a genuine issue of material fact does exist." *Lytle v Malady*, 458 Mich 153, 176-177; 579 NW2d 906 (1998). However, if a motion for summary disposition has been properly supported, the nonmoving party may not overcome the motion based on "the mere possibility that the claim might be supported by evidence produced at trial." *Maiden*, 461 Mich at 120-121. Rather, if the moving party has either submitted evidence negating an element of the nonmoving party's claim or has shown that the nonmoving party's evidence is insufficient, the nonmoving party must affirmatively demonstrate the existence of a genuine question of material fact. *Lowrey*, 500 Mich at 7-8. This Court's "review is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

## III. ANALYSIS

Plaintiff emphasizes that he has not alleged that defendant, or any of its employees or agents, created the dangerous condition. Rather, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because defendant owed a duty to plaintiff to inspect its premises for hidden defects, and there was a genuine issue of material fact regarding whether defendant had constructive notice of the dangerous condition. Defendant's duty is not seriously disputed, and we think there is a question of fact whether defendant should have become aware of the existence of the step. However, we cannot find a question of fact whether defendant should be charged with knowledge that the step was dangerous.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (quotation marks and citation omitted). As defendant tacitly concedes, plaintiff was an invitee of defendant because he was there for a commercial purpose. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 604; 614 NW2d 88 (2000). Therefore, defendant owed plaintiff a duty to protect him "from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). The premises possessor may be liable for failing to fix, guard against, or warn against dangerous conditions of which the premises possessor knows or should know. *Id*. For an invitee's claim of premises liability to succeed, "an invitee must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee." *Lowrey*, 500 Mich at 8.

A plaintiff may prove a defendant's liability through active negligence of itself or its employees. *Hampton v Waste Mgt of Mich, Inc*, 236 Mich App 598, 604; 601 NW2d 172 (1999). Here, plaintiff does not rely upon active negligence, but rather upon constructive notice. See *Lowrey*, 500 Mich at 8-9. Constructive notice may be established if "the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id*. at 11-12. However, a defendant may "establish its entitlement to summary disposition by demonstrating that plaintiff failed to present sufficient evidence of notice." *Id*. at 10. As discussed, there is no evidence that anyone knew how or when the improvised step was placed next to the stage, nor is there any evidence that defendant or any person acting on defendant's behalf placed the step next to the stage. Therefore, plaintiff must demonstrate that defendant "should have known of [the dangerous condition of the step on which plaintiff fell] because of its character or the duration of its presence." *Id*. at 11. Premises occupiers are obligated to inspect the premises for dangerous conditions. *Albitus v Greektown Casino, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 356188), slip op at pp 3-4. Nevertheless, premises owners are only obligated to "act in a reasonable manner to guard against harms that threaten the safety and security of those who enter their land" and "are not charged with guaranteeing the safety of every person who comes onto their land." *Hoffner*, 492 Mich at 459.

In general, the owner of rented premises ceases to be liable for defects in the premises to third parties during the tenancy of the renter, unless the defect was present at the time the premises were rented. See *Samuelson v Cleveland Iron Mining Co*, 49 Mich 164, 170-171; 13 NW 499 (1882); *Johnson v McMillan*, 69 Mich 36, 39; 36 NW 803 (1888). The evidence establishes that

the improvised step was not present at the time the stage was set up into a "double stacked" configuration, and use of the improvised step was unnecessary to get onto the "double stacked" stage. Nevertheless, the evidence also establishes that the step was already present next to the stage when the birthday celebrant's mother arrived some time before 3:00 p.m. It is reasonable to infer that it had been present for *some* time by then. The evidence also suggests that the separation between the bar and the hall is not a permanent structure: one of defendant's employees indicated that the separator was a "curtain" that is pulled during private events. Although we are unaware of the precise layout of the premises, it is nevertheless also reasonably inferable that the step might have been visible at some point earlier in the day before defendant handed the hall over for the birthday party. Based on the photograph of the stage provided by plaintiff,[2] we think it is reasonably inferable that the improvised step itself should have been noticed at a casual glance. We therefore accept that there is a question of material fact whether defendant should have been on notice of the *existence of* the improvised step.

However, there is no evidence suggesting that it should have been apparent that the step was *dangerous*. Implicit in plaintiff's argument is the assumption that awareness of the improvised step would necessarily confer awareness that the improvised step constituted a hazardous condition. Nevertheless, none of the individuals who noticed the step apparently paid it any mind, and after plaintiff fell, no one present apparently suspected that the step caused plaintiff's fall. Any person who happened to look at the step would have reasonably assumed that someone else had placed it there for a proper purpose rather than to create a trap. In the photograph, the concrete blocks appear to be neat and orderly, and plaintiff admitted that the improvised step did not appear unstable. As noted, premises owners are only expected to act reasonably and are not expected to guarantee the safety of those who come onto their property. *Hoffner*, 492 Mich at 459. Furthermore, premises owners' duties do "not extend to conditions from which an unreasonable risk cannot be anticipated." *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495; 500; 418 NW2d 381 (1988). Even if it is plausible that defendant might have been expected to notice the improvised step, it is not clear that defendant should have recognized that the step was dangerous.

In contrast, for example, in *Conerly v Liptzen*, 41 Mich App 238, 240-241; 199 NW2d 833 (1972), the plaintiff was injured in a falling elevator; the premises owner knew that the elevator was old and had a history of malfunctioning, and this Court noted that the dangers from falling elevators were obvious. In *Butler v Ramco-Gershenson, Inc*, 214 Mich App 521, 523-524; 542 NW2d 912 (1995), the plaintiff was injured while working on a construction site when pieces of a coping block[3] fell on him. The defendant was aware that the coping on the wall was in a deteriorated state. *Id*. at 536-537. Although not part of this Court's discussion, the fact that deteriorated masonry could fall and harm anyone underneath would seem too obvious to be worth mentioning. In *Bannigan v Altland*, 166 Mich 491, 492-496; 132 NW 77 (1911), the plaintiff was

---

[2] We recognize defendant's argument that the photograph has not been authenticated. However, for purposes of summary disposition, defendant concedes that the photograph may be considered. At summary disposition, evidence does not need to be admissible in form, but rather must only be plausibly admissible in substance. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373-374; 775 NW2d 618 (2009).

[3] Coping block refers to masonry that caps or covers a wall.

injured by a piece of glass falling from the defendant's building, there was evidence that the building's windows were dilapidated, and the jury was instructed that the defect must have existed long enough for the defendant to have discovered it. Again, the danger that broken windows could fall and injure someone underneath is obvious. In *Powers v Huizing*, 9 Mich App 437, 439-440; 157 NW2d 432 (1968), the plaintiff was injured by being thrown from a toboggan following the toboggan's encounter with a slush buildup on the defendant's toboggan chute. The weather had been unseasonably warm over the preceding two days, and the defendant failed in its duty to inspect the toboggan chute for dangerous conditions. *Id*. at 439, 442. The fact that slush buildup in a toboggan run was a dangerous condition was not disputed. *Id*. at 442.

Although there is evidence from which it might reasonably be inferred that defendant should have noticed the improvised step, there is no evidence that the step was obviously dangerous. In *Albitus*, the plaintiff was injured when the back of a chair in which he was seated broke, and this Court found it significant that the chair appeared normal until the plaintiff leaned back in the chair. *Albitus*, ___ Mich App at ___, slip op at p 5. At most, the back of the chair leaned back "a bit further than the others," which was insufficient to establish that the defendant should have realized the chair would collapse. *Id*. Similarly, nothing about the improvised step here gave any outward indication that it was unstable. Furthermore, there is no evidence that the step had been present for long enough to charge defendant with knowledge that it was unstable. If the step had provably been there for a sufficient length of time, we think that, sooner or later, someone on behalf of defendant should be expected to have used it or tested it. However, because it is entirely speculative how long the step had been there, we need not consider how long would be "long enough." Therefore, the record does not support a reasonable inference that defendant had constructive notice of the dangerous condition.

Affirmed. Defendant, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Brock A. Swartzle