## POLLOCK v. FARMERS MUTUAL FIRE INSURANCE COMPANY.

1. TRIAL—MOTION FOR DIRECTED VERDICT—EVIDENCE.

   The trial judge must interpret the testimony, and the legitimate inferences from the facts established, as strongly as possible in plaintiff's favor, in passing on defendant's motion for a directed verdict at the conclusion of plaintiff's proofs.

2. INSURANCE—EXPLOSION—NEWLY-FILLED OATBIN—EVIDENCE.

   Evidence presented and the legitimate inferences from the facts established in farmer insured's action against insurer for loss sustained following alleged explosion of newly-filled bin of oats on second floor of barn *held,* sufficient to submit to the jury the question as to whether there had occurred an "explosion" as such term was used in an extended coverage clause of fire insurance policy.

3. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

   It should be shown that claimed newly-discovered evidence was not merely cumulative but that it is such as to render a different result probable on a retrial, in order to entitle a party to a new trial on the ground of newly-discovered evidence.

4. SAME—NEWLY-DISCOVERED EVIDENCE—PROXIMATE CAUSE.

   Record in insured's action against insurer under extended coverage clause of fire insurance policy *held,* to justify denial of insurer's motion for new trial on ground of claimed newly-discovered evidence, where the proposed new evidence is merely cumulative to defendant's evidence that loss was due to collapse of building from overloading rather than explosion of newly-filled oatbin.

Appeal from Cass; Carland (Michael D.), J., presiding. Submitted April 9, 1957. (Docket No. 59, Calendar No. 46,748.) Decided July 31, 1957.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 392–395.
[3,4] 39 Am Jur, New Trial § 158.

Action by Jack L. Pollock and others against Farmers Mutual Fire Insurance Company for reimbursement of loss following explosion. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Troff, Lilly & Bonow* (*Williams & Williams,* of counsel), for plaintiffs.

*Seymour, Seymour & Hughes* (*Dalton G. Seymour* and *R. Wyatt Mick, Jr.,* of counsel), for defendant.

KELLY, J.   Defendant insured plaintiffs' farm property for loss by fire and, also, extended coverage, including loss by explosion.

Plaintiffs' barn, a structure 60 feet in length, 32 feet in width, and 28 feet in height, was damaged when the east end of the building collapsed.

Defendant refused to pay the undisputed damages of $4,181, contending that the damage was not caused by an explosion but by an overloading of the structure due to oats having been deposited in a bin on the second floor of the barn.

For 3 days previous to the day the barn was damaged a grain blower deposited in a bin on the east end of the second floor the yield of 75 acres of oats. The oats filled the bin to a height of 5–1/2 feet. The yield per acre was 45 to 50 bushels, and the weight of the oats was about 32 pounds to the bushel.

The only witness to the event was an employee in the Pollock home, who testified:

"My attention was first called to something happening at the barn when all of a sudden I heard a kind of a heavy noise; sounded like a, you know, blasting stumps or something. It sounded like that. Then I looked out and I couldn't see the barn; then it vanished pretty soon and that was that. I was

prevented from seeing the barn by what looked like smoke to me but it soon vanished away. But I found out it wasn't smoke, of course. It happened to the east end of the barn, the east front, the end towards the public road. At the time it happened I was in the washroom of the house.    *    *    *

"The first thing that called my attention to anything was sound like the blasting of a stump. I do not remember hearing anything else after that. *   *   *

"I saw bricks or debris—parts of the barn—near the road. I don't know how close they were to the road—almost to the road but I don't know how many feet or nothing like that."

Plaintiff introduced testimony of experts to the effect that the barn was structurally strong enough to hold the load of oats that was deposited on the second floor.

The court instructed the jury:

"I further charge you, members of the jury, that when the word 'explosion' is used in the policy—the company has ordinary men, at least its officers are ordinary men and are not, I assume, scientific men and the parties insured were ordinary men—these persons are presumed to have understood the word 'explosion' in its ordinary and proper sense; not what some scientific man would define as an explosion but rather what the ordinary man would understand to be meant by that word. And after all, members of the jury, the question here being whether or not there was an explosion, what do you as ordinary men and women understand occurred at the time in the light of the testimony?"

Appellant in its statement of questions involved does not refer to the court's instruction, but confined the questions involved to the court's error in ruling that sufficient proof had been offered concerning the existence of an explosion to allow the jury to infer

that fact, and in denying defendant's motion for new trial on the ground of newly-discovered evidence. Appellant contends:

"In the instant case, it was incumbent upon the plaintiffs to prove by a preponderance of the evidence that an explosion took place and that this explosion was the proximate cause of the damage of which they complain. From the evidence introduced by the plaintiffs it can be determined that the east wall and a portion of the north wall of the barn collapsed and that this collapse was accompanied by a loud noise and the scattering of bricks to the east a distance of approximately 40 feet. Neither the roof of the barn nor the partition on the west side of the bin were destroyed or 'blown-out'. The rest of plaintiffs' case was spent in an attempt to prove that the damage could not have been caused by structural collapse due to being overloaded. Yet the *physical facts* in and of themselves indicate that what is ordinarily termed an 'explosion' did not take place. If an explosion had taken place, the damage would have been extensive in all directions and particularly in the path of least resistance. All the proven facts in plaintiffs' case are as consistent with defendant's theory that there was a structural failure due to overloading as it is with plaintiffs' theory that there was an explosion."

Appellees point to the fact that the following evidence supports the conclusion that the damage occurred through an explosion and not because of a structural weakness: That there was no man-made activity in the barn at the time of the collapse; that the broken end of the north wall, which was still standing, was bent outward as though blown out by an interior force; that bricks and broken wall lay to the north of the barn a distance of 40 feet, and to the east of the barn for a distance of 40 to 43 feet; that a window frame from the east end of the barn

lay a distance of 30 feet from the barn; that the debris from the wall had almost entirely fallen outside the barn; that the east end of the floor joists had gone eastward and over the east barn foundation; that expert witnesses testified that they had examined the barn structure shortly before the date of the collapse and had found said structure to be sound and amply sufficient to sustain the stored oats, and that these witnesses examined the barn immediately following the collapse and found no evidence that the collapse resulted from a structural failure; that expert witnesses testified that a collapse caused by overloading would have given indication of such overloading by sounds due to straining timbers, cracks in the wall, and other evidence of strain, and that there was no evidence in this regard previous to the morning of the collapse.

In *Lepley* v. *Bryant,* 336 Mich 224, 229, this Court stated:

"In passing on the motion for a directed verdict at the conclusion of plaintiff's proofs the trial judge was bound to interpret the testimony, and the legitimate inferences from the facts established, as strongly as possible in plaintiff's favor."

The testimony introduced and the legitimate inferences from the facts established in the instant case were sufficient to submit to the jury the question as to whether an explosion occurred.

Appellant contends the court erred in denying its motion for a new trial on the ground of newly-discovered evidence, stating that:

"Subsequent to the rendition of the verdict therein, the said defendant has discovered new evidence of a material and probably controlling nature, consisting of the testimony of one, Jack Kelsey, who will testify, in substance, that after the accident, out of which this action arose, one of the plaintiffs, James

R. Pollock, told the said Jack Kelsey that the barn, the subject matter of this cause of action, collapsed due to the excessive weight of oats stored in said barn; and said plaintiff further told the said witness that there were 50 tons of oats stored in the bin in said barn, as more particularly appears from the affidavit of the said Jack Kelsey, filed herewith and which affidavit also shows that said information was not conveyed to defendant or its attorneys until after the trial of this cause."

In *Reardon* v. *Buck,* 335 Mich 318, this Court held that to entitle one to a new trial upon the grounds of newly-discovered evidence it should be shown that the evidence is not merely cumulative and that it be such as to render a different result probable on a re-trial.

The court did not err in denying the motion for a new trial and the record justifies the following statement in the court's opinion denying such motion:

"Motions for a new trial on the grounds of newly-discovered evidence should not be granted unless it is probable that through the use of such evidence, that a different verdict might result. It is not enough that a different verdict might be possible, but it must be probable. Further, such a motion should not be granted if the newly-discovered evidence proposed to be submitted is merely cumulative. From the review of the record in this case, it appears that it is not probable that a different verdict would result, and it further appears that the proposed new evidence is merely cumulative.

"Therefore, the motion for a new trial is hereby denied, and an order may be drawn in accordance with the terms of this opinion."

Judgment affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, CARR, and BLACK, JJ., concurred.