AMBASSADOR BAPTIST CHURCH
*v.*
SEABREEZE HEATING AND COOLING CO.

1. TRIAL—MOTION FOR DIRECTED VERDICT—EVIDENCE.

The facts will be viewed most favorably to plaintiff where defendant's motion for directed verdict has been granted.

2. NEGLIGENCE—STANDARD OF CARE—RESPONSIBILITY OF ARCHITECTS.

Architects, like lawyers and physicians, are required to exercise the ordinary skill and care common to the profession.

3. NEGLIGENCE—ARCHITECTS—NEGLIGENT DESIGN—HEATING PLANT—DIRECTED VERDICT.

Trial court erred in granting a directed verdict for defendants, registered architects, where plaintiff established a *prima facie* case of negligent design and installation of a heating plant.

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 October 8, 1970, at Detroit. (Docket No. 7,531.) Decided December 3, 1970. Leave to appeal denied March 15, 1971. 384 Mich 815.

Complaint by Ambassador Baptist Church against Seabreeze Heating and Cooling Co., Melvin Sachs, and Thomas Flaherty, Jr., for damages for negligent design and installation of a heating plant. Directed verdict for defendants. Plaintiff appeals. Reversed and remanded for new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 355 *et seq.*
[2] 5 Am Jur 2d, Architects § 23.
Responsibility of one acting as architect for defects or insufficiency of work attributable to plans. 25 ALR2d 1085.

*Royal G. Targan,* for plaintiff.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr,* for defendants Melvin Sachs and Thomas Flaherty.

Before:   LESINSKI,   C.   J.,   and   BRONSON   and ENGEL,* JJ.

PER CURIAM.   Plaintiff brought suit to recover damages for negligent design and installation of a heating plant for the Ambassador Baptist Church. Plaintiff sought to hold defendants Sachs and Flaherty liable as the registered architects who prepared the plans for the construction of the church. At the close of plaintiff's proofs below, defendants moved for and were granted a directed verdict.

The only issue on appeal is whether the trial court was correct in determining that plaintiff had failed to produce sufficient evidence to take the case to the jury.

In reviewing the record we follow the rule that on a defendant's motion for directed verdict, the facts are to be viewed most favorably to the plaintiff.   Inconsistencies and factual questions are resolved against the moving party.   *Birkhill* v. *Todd* (1969), 20 Mich App 356; *Pollock* v. *Farmers Mutual Fire Insurance Company* (1957), 349 Mich 12.

Plaintiff's evidence showed that the city of Allen Park issued a building permit for the church upon receipt of a set of plans identified as being prepared by defendants.   The cover sheet of these plans listed defendant Flaherty as designer and was embossed with defendant Sachs' seal as a registered architect. The chief building inspector of Allen Park testified that the heating plans were included in the general

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plans submitted for approval under the name of defendant Sachs.

Registered architects testified that affixing a seal to a set of plans customarily signifies the assumption of responsibility by the architect. Moreover, the Board of Registration for Architects, Professional Engineers and Land Surveyors, pursuant to its statutory authority,[1] adopted a rule which would have similar effect.[2]

There also was testimony from plaintiff's expert witnesses that the design of the heating system was inadequate for its purpose, that the design was below general community standards, and that there was a lack of reasonable care in the preparation of the plan.

The record reveals that plaintiff established a *prima facie* case. The responsibility of an architect is similar to that of a lawyer or a physician. The law requires the exercise of ordinary skill and care common to the profession. *Chapel* v. *Clark* (1898), 117 Mich 638; *Bayne* v. *Everham* (1917), 197 Mich 181. In that respect, plaintiff showed, through the expert testimony, that defendants did not meet that standard. See *Lince* v. *Monson* (1961), 363 Mich 135. The evidence presented would have allowed a jury to find that the architects assumed responsibility for the plans submitted under their name. On the facts presented in evidence the trial court committed error in granting a directed verdict.

Reversed and remanded for new trial. Costs to appellant.

---

[1] MCLA § 338,556 (Stat Ann 1957 Rev § 18.84[6]).

[2] Specifically, Rule 4, 1954 Administrative Code, R 338.554(6), reads as follows:

"All work sealed shall be done under the direct supervision of the practitioner, the direct supervision shall be constant supervision, preparation or directing the preparation of plans, specifications or drawings."