MUSAT v HARRIS

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PEDES-
TRIANS—BURDEN OF PROOF.

A plaintiff pedestrian who is injured when struck by a defendant
motorist's car has the burden of showing that the defendant
was negligent and his own freedom from contributory negli-
gence.

2. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PEDES-
TRIANS—DUTY TO OBSERVE.

The duty of a pedestrian to observe approaching traffic while
crossing a street or highway does not require that he observe
only that traffic approaching from either side because, if he
could reasonably apprehend a greater danger from another
direction and exercised ordinary care under the circumstances,
he could observe the traffic from that direction without being
contributorily negligent.

3. JURY—JURY FINDINGS—PEDESTRIANS—NEGLIGENCE—REASONABLE-
NESS.

It is not inconceivable that a jury could find that a pedestrian's
observation of traffic in one direction, to the exclusion of
observing in another, was reasonable and prudent in the cir-
cumstances, given the pedestrian's familiarity with traffic con-
ditions at the intersection.

4. AUTOMOBILES—JURY—PEDESTRIANS—NEGLIGENCE—CONTRIBUTORY
NEGLIGENCE—FINDINGS—REASONABLENESS.

Reasonable minds could differ on the reasonableness of a pedes-

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 29 Am Jur 2d, Evidence §§ 135–138.

57 Am Jur 2d, Negligence § 296.

Statute which places burden of proof as to contributory negligence
on defendant or creates a presumption against contributory negli-
gence as applicable to actions by one person for consequential
damages resulting from injury to another, 147 ALR 726.

[5] 53 Am Jur, Trial § 355.

5 Am Jur 2d, Appeal and Error § 886.

30 Am Jur 2d, Evidence § 1086.

trian's ignoring one source of danger and concentrating on another where it might have been impossible for him to have observed both sources simultaneously and he chose to observe the source which, from his experience, posed the greater danger.

5. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

The Court of Appeals must view the evidence in the light most favorable to the plaintiff when reviewing a directed verdict for the defendant.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 January 15, 1974, at Detroit. (Docket No. 17202.) Decided March 29, 1974.

Complaint by Pete and Anna Musat against Ernest and Joab Harris for personal injuries resulting from an automobile-pedestrian accident. Directed verdict and judgment for defendants. Plaintiffs appeal. Reversed and remanded for a new trial.

*Russell G. Burns,* for plaintiffs.

*James A. Kandrevas,* for defendants.

Before: V. J. BRENNAN, P. J., and BRONSON and CARLAND,* JJ.

V. J. BRENNAN, P. J. The plaintiffs appeal a ruling of the Wayne County Circuit Court which was a grant of a defense motion for a directed verdict. GCR 1963, 515. At the conclusion of the plaintiffs' case, which was being tried before a jury, the defense made a motion for a directed verdict and the court granted the same. From this order plaintiffs appeal.

This cause arises out of an automobile-pedes-

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

trian accident which occurred in the City of Detroit at the intersection of Tireman Avenue and Mark Twain Street on November 23, 1970, at about 7 p.m.

At the scene of this accident Tireman Avenue runs in an east-west direction and is intersected at a right angle by Mark Twain Street from the north. This same street is called Anthony as it continues south of Tireman Avenue.

Tireman Avenue is a through street with four traffic lanes at this intersection, but there are stop signs for the traffic traveling on Mark Twain and Anthony Streets. There is no painted cross-walk across Tireman Avenue at this intersection, but there is a streetlight over the intersection.

It was dark at the time of the accident and plaintiff was wearing a light blue coat and his glasses.

There is no testimony in the record which indicates the presence of any obstructions for the vision of either pedestrians or drivers on Tireman Avenue at the time of the accident.

Plaintiff was standing on the southwest corner of the intersection and intended to walk north across Tireman Avenue to reach the sidewalk which parallels Mark Twain Street along its western side until it meets the northern edge of Tireman Avenue. Before plaintiff stepped from the curb on the southwest corner of the intersection, he testified he looked both directions down Tireman Avenue but saw no traffic approaching. He testified that he could have seen any car within 500 feet or more if it had had its lights on.

As plaintiff stepped from the curb and began to cross Tireman Avenue he made no further observation of the traffic east or westbound on Tireman Avenue. Rather, he observed and concentrated on

traffic coming from the north down Mark Twain Street and turning right onto Tireman Avenue. Plaintiff, who had lived within 1/2 block of this intersection for 33 years, knew from experience that Mark Twain Street traffic southbound to Tireman Avenue was frequently heavy because Burroughs Corporation has a large office building which adjoins Mark Twain Street a few hundred feet north of the Tireman Avenue intersection. Automobiles frequently leave this building, travel south on Mark Twain Street, and turn right onto Tireman Avenue passing through the crosswalk on which plaintiff was traversing the Avenue.

Plaintiff crossed the two eastbound lanes of Tireman Avenue without incident and reached the middle of the street. At that point he was struck by an automobile driven by defendant which, plaintiff testified, he never saw prior to the collision. Thus, he could not testify as to the direction from which this automobile came or identify the part of the automobile which struck him.

At the time of this accident, the City of Detroit had an ordinance which provided:

"At intersections not controlled by traffic signals, the driver of a motor vehicle shall slow down or stop, if need be, to avoid interfering with a pedestrian lawfully within a crosswalk." Detroit ordinances, § 38-12-1.

For purposes of this ordinance a crosswalk is defined as:

"That part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs, or, in absence of curbs, from the edges of the traversable highway." Detroit ordinances, § 38-1-1.

At trial plaintiff rested his case after presenting

the aforementioned facts to the jury. Thereupon defendant moved the trial court to direct a verdict in its favor on the ground that plaintiff had failed to make a prima facie case of negligence on the part of defendant. The trial court, after argument by both parties, found that plaintiff was guilty of contributory negligence as a matter of law because of his failure continuously to observe the traffic east and westbound on Tireman Avenue while crossing said road. On this basis the trial court directed the verdict in favor of defendant.

The case principally relied upon by the trial court and defendant for their conclusion that plaintiff was guilty of contributory negligence as a matter of law is *Malone v Vining,* 313 Mich 315; 21 NW2d 144 (1946). In that case the Michigan Supreme Court held, at 321:

> "Under present-day traffic conditions a pedestrian, before crossing a street or highway, must (1) make proper observation as to approaching traffic, (2) observe approaching traffic and form a judgment as to its distance away and its speed, (3) continue his observations while crossing the street or highway, and (4) exercise that degree of care and caution which an ordinarily careful and prudent person would exercise under like circumstances."

Moreover, the Court held that a pedestrian plaintiff who was injured when struck by a defendant motorist's car has the burden of showing defendant was negligent and his own freedom from contributory negligence. *Malone, supra,* at 322.

It should be noted, however, that the pedestrian's duties as established in *Malone* only require that he observe and continue to observe approaching traffic while crossing a street or highway. Thus it is not required that a pedestrian must observe

*only* that traffic which might be approaching him from either side. Rather, by implication the pedestrian could observe traffic approaching from another direction if he reasonably apprehended a more significant danger therefrom. Under these circumstances he would not be guilty of contributory negligence. The language of *Malone* certainly does not require a finding of contributory negligence where it is established that the pedestrian-plaintiff continuously observed approaching traffic from another direction while crossing the street if, in so doing, he exercised ordinary care under the circumstances.

In the instant case it is undisputed that plaintiff had lived within 1/2 block of this intersection for 33 years and had crossed Tireman Avenue at this intersection on numerous occasions. Given this extensive familiarity with traffic conditions at this intersection, it is not inconceivable that a jury could find plaintiff's observation of the traffic on Mark Twain Street, which he knew from his experience was frequently heavy and posed a danger to pedestrians in the crosswalk when that traffic turned right onto Tireman Avenue, to have been reasonable and prudent in the circumstances.

Moreover, it is undisputed that plaintiff had successfully crossed the two eastbound lanes of Tireman Avenue and was standing in the middle of the street about to cross the two westbound lanes when he was struck by defendant's automobile. Although it could be conclusively reasoned that plaintiff was negligent in observing the southbound traffic on Mark Twain Street turning onto westbound Tireman Avenue while he crossed the eastbound lanes and had begun to cross the westbound lanes, his observation of the Mark Twain traffic turning onto westbound Tireman Avenue

directly across his immediate path could no longer conclusively be considered negligent. As plaintiff was poised to cross the westbound lanes of Tireman Avenue, he confronted danger from two different directions: (1) the westbound Tireman Avenue traffic to his right, and (2) the southbound Mark Twain traffic turning right onto westbound Tireman Avenue directly in front of him. His previous negligence in observing the southbound Mark Twain traffic turning right onto westbound Tireman Avenue while he crossed eastbound Tireman Avenue had ceased to operate.

In these circumstances reasonable minds could differ on reasonableness of plaintiff's ignoring one source of danger and concentrating on another when it might have been impossible for him to have observed both sources simultaneously and he chose to observe that source which, from his experience, posed the greatest danger to his traversing the westbound lanes of Tireman Avenue. Viewing the evidence in the light most favorable to plaintiff, as this Court must when reviewing a directed verdict for defendant, it cannot be said that plaintiff was guilty of contributory negligence as a matter of law in making the observations of traffic which he did. *Ambassador Baptist Church v Seabreeze Heating & Cooling Co,* 28 Mich App 424; 184 NW2d 568 (1970); *Birkhill v Todd,* 20 Mich App 356; 174 NW2d 56 (1969); *Pollock v Farmers Mutual Fire Insurance Co,* 349 Mich 12; 84 NW2d 238 (1957).

This conclusion is in accord with the Michigan Supreme Court's observation in *Barron v Detroit,* 348 Mich 213, 217; 82 NW2d 463 (1957), that in all but the rarest of cases judges are less apt to be rightly equipped to decide the issue of contributory negligence than is a jury of citizens who have

regular occasion to use street intersections for motoring and pedestrian travel. See also *Stillwell v Grubaugh,* 357 Mich 344; 98 NW2d 490 (1959); *Birkhill v Todd, supra.*

Reversed and remanded for a new trial. Costs awarded to plaintiff.

All concurred.