Morrie Slifkin, J.
In an action against architects to recover damages for alleged negligence, breach of contract, and breach of implied warranty, defendant moves to dismiss the complaint on the grounds that the action is barred by the Statute of Limitations (CPLR 3211, subd [a], par 5) and that the pleading fails to state a cause of action (CPLR 3211, subd [a], par 7).
On March 24, 1975, this court denied the motion with leave to renew upon proper papers. Thereafter, the matter was renewed on May 16, 1975 and referred to this court.
An examination of the complaint reveals that plaintiff is a domestic corporation and defendant is a foreign corporation, doing business in the State. The first cause of action alleges *554 that on May 15, 1967, the parties contracted for the design of a system of ramps at plaintiffs facility in White Plains. Said ramps were to provide egress and ingress for a parking deck. Defendant allegedly held itself out to be architects and engineers qualified to design and supervise the construction. Defendant prepared the plans, specifications and designs and commenced the supervision of the construction. On December 31, 1968, the defendant advised plaintiff that the ramps were substantially completed. After the ramps were turned over to plaintiff for use, cracks appeared, allegedly as the result of improper design of snow melting pipes contained in the ramps, and of defendant’s failure to include expansion joints.
Plaintiff alleges that it relied exclusively on the expertise of defendant in designing the ramps and snow melting pipes. The complaint alleges as a first cause of action that the cracking of the ramps is the result of the negligence of defendant in preparing the design and engineering plans of the ramps.
The second cause of action alleges that defendant impliedly warranted that the designs, engineering plans and specifications to be rendered would be reasonably fit for the purposes intended and the ramps would be structurally proper. It is alleged that defendant breached said warranty.
The third cause of action alleges a breach of contract by defendant in that it improperly designed the ramps.
The complaint was served on June 1, 1972.
Defendant’s answer denies the material allegations of the complaint and sets forth two affirmative defenses. The first is that the claim was interposed more than three years after the accrual of the cause of action and therefore, its prosecution is barred by the Statute of Limitations. The second is that plaintiff was contributorily negligent and that defendant was not negligent.
Against the foregoing background, the instant motion is made. Defendant moves to dismiss the negligence cause of action on the ground that the three-year Statute of Limitations has run and the action is therefore barred and to dismiss the breach of warranty and breach of contract causes of action on the ground that they fail to state a cause of action.
Before examining the legal contentions of the parties, certain facts must be pointed out.
The agreement which forms the basis of this lawsuit was *555 entered into on May 15, 1967. It is a standard printed form of agreement between the owner and architect prepared by the American Institute of Architects. It provides that "unless otherwise specified, this agreement shall be governed by the law of the principal place of business of the Architect”. Defendant is a Michigan corporation with its principal place of business in that State.
Following the execution of the contract and the approval of the plans by the Common Council of the City of White Plains, construction was started in 1967 and substantially completed in 1968. The work was certified by defendant as completed in April, 1968. The final inspection of the ramps by the Department of Buildings of the City of White Plains occurred in June, 1968. In July, 1968, defendant was informed of problems. However, after various reports and correspondence, inquiry by the Commissioner of Buildings of the City of White Plains closed in August, 1968.
In determining this motion, the court must examine the contentions raised in light of both the laws of the State of New York, and of the State of Michigan and determine what would be the result under New York law, as well as under Michigan law. The court therefore first turns to ah examination of the merits of this motion under the law of the State of New York.
The complaint sets forth what are alleged to be three causes of action against defendants, to wit, (1) that the defendant was negligent in preparing the design and engineering plans for the ramp, ergo that it was guilty of professional malpractice; (2) that defendant impliedly warranted that the design, engineering, and plans and specifications would be reasonably suited for the purposes intended and that the ramps would be structurally proper; and (3) that defendant breached its contract in that it improperly designed the ramps.
It may not be gainsaid that an action for professional malpractice is governed by the three-year Statute of Limitations set forth in CPLR 214 (see Sosnow v Paul, 43 AD2d 978, affd 36 NY2d 780; Webber v Herkimer & Mohawk St. R. R. Co., 109 NY 311). Further, the courts of this State have consistently held that the mere fact that a plaintiff elects to characterize an action against a professional as one for breach of contract or for something other than negligence or malpractice, does not necessarily make it fall into that specific designated category. The issue to be determined is whether the *556 claim, regardless of what plaintiff may choose to call it, is in essence an action for professional malpractice. If it is, then the malpractice Statute of Limitations applies, (see Carr v Lipshie, 8 AD2d 330, affd 9 NY2d 983; Brick v Cohn-Hall-Marx Co., 276 NY 259, 264; Glens Falls Ins. Co. v Reynolds, 3 AD2d 686.) An examination of the complaint and the bill of particulars indicates that the wrong complained of is tortious in nature, essentially sounding in malpractice. Accordingly, the court concludes that as to the first cause of action, if New York law applies, the applicable Statute of Limitations is three years.
Assuming that the three-year Statute of Limitations of CPLR 214 is to be applied, the question then arises as to when the cause of action accrued since CPLR 203 (subd [a]) instructs us that the time within an action must be commenced shall be computed from the date the cause of action accrued to the time the action is commenced. In determining when the cause of action accrued under New York law, the court has the benefit of a recent determination of its Appellate Division which has been affirmed by the Court of Appeals. Thus, in Sosnow v Paul (43 AD2d 978, affd 36 NY2d 780, supra), an action against architects for negligence or professional malpractice, defendants urged that the three-year Statute of Limitations accrued no later than the time of completion of the buildings, while plaintiffs contended that the cause of action accrued upon the discovery of the damage of the buildings. The Appellate Division, Second Department, specifically held (p 978) "The rule in cases where the gravamen of the suit is professional malpractice is now and has always been that the cause of action accrues upon the performance of the work by the professional (Gilbert Props. v Millstein, 40 AD2d 100, 102; Seger v Cornwell, 44 Misc 2d 994)”. The court specifically rejected the claim based on Flanagan v Mount Eden Gen. Hosp. (24 NY2d 427), that the cause of action did not accrue until discovery of the defect. The court made it clear that the rule of the Flanagan holding was limited solely to foreign object medical malpractice cases (see, also, Schiffman v Hospital for Joint Diseases, 36 AD2d 31). The court also noted that even were the continuous treatment theory of Borgia v City of New York (12 NY2d 151) applied, at most, it would merely permit the plaintiff to claim that the cause of action did not accrue until the completion of construction and the termination of the relationship. (See Siegel v Kranis, 29 AD2d 477.)
*557 In the affirmance of Sosnow in the Court of Appeals, the memorandum opinion stated that the cause of action accrued upon the completion of the buildings. In the case at bar, whether the Statute of Limitations is held to begin to run on the performance of the work by the professional — sometime in 1967 — or upon the completion of work in April, 1968 when the certificate of completion by defendant was issued, or even upon the date of the final inspection by the department of buildings in June, 1968, it is clear that the date on which the cause of action accrued was more than three years before this action was commenced on June 28, 1972. Thus, it must be concluded that the cause of action for professional malpractice is barred by the New York Statute of Limitations.
The court notes that defendant relies upon County of Broome v Vincent J. Smith, Inc. (78 Misc 2d 889), in which the court applied the continuous treatment exception to an action against an architect for professional malpractice. However, in view of the determination in Sosnow v Paul (supra), that the cause of action accrued no later than the completion of construction, and also in light of the fact that on all the papers submitted herein, no such continuous relationship is indicated, the court will not follow the decision in County of Broome. As previously noted, the foregoing leads inexorably to the conclusion that under New York law, plaintiffs action for malpractice is barred by the Statute of Limitations.
The court now turns to the second cause of action alleged in the complaint, to wit, that defendant breached its implied warranty of fitness for the purpose intended. This court holds, under the law of the State of New York, there is no cause of action against the architect for breach of implied warranty and, for that reason, the second cause of action pleaded fails to state a cause of action.
Thus, in Aegis Prods., v Arriflex Corp. of Amer. (25 AD2d 639), the court noted that implied warranties are limited to sales of goods and no warranty attaches to the performance of a service. (See Perlmutter v Beth David Hosp., 308 NY 100; Galletta v Cataneo, NYLJ, Dec 13, 1973, p 17, col 7). If the service is performed negligently, the cause of action is based on negligence only. More recently, in Schenectady Steel Co. v Trimpoli Gen. Constr. Co. (43 AD2d 234), the court noted that the provisions of the Uniform Commercial Code do not apply to a contract for the rendition of services, but are limited to contracts for the sale of goods.
*558 The contract involved herein was for the rendition of services and not for the sale of goods. While plaintiff intimates that an implied warranty of fitness for use should be imposed upon an architect, it is the opinion of this court that such a drastic change in the law should originate through legislative action. The foregoing analysis requires, under New York law, the dismissal of the second cause of action as pleaded for failure to state a cause of action.
The court now turns to the third cause of action set forth in the complaint, to wit, that defendant breached the contract in that it improperly designed the ramps. As previously noted, this allegation as expanded by the bill of particulars is a reiteration of the cause of action for professional malpractice and would be barred by the three-year Statute of Limitations.
However, in dealing with motions addressed to the pleadings, the court is required to construe the pleadings liberally. Thus, actions for breach of contract by a professional person have been sustained where a specific result is guaranteed by the terms of the agreement. However, where the contracting party either expressly or impliedly promises to perform services at the standard generally followed in the profession or promises to use due care in the performance of the services rendered, plaintiff is left to an action for malpractice and may not recover under a theory of breach of contract. (See Carr v Lipshie, 8 AD2d 330, 332.)
Plaintiff in its submitted affidavits alleges that defendant understood the needs and requirements of plaintiff and agreed to fulfill them. However, an examination of the contract and the specifications does not reveal that a specific result was guaranteed by the terms of the agreement. Further, article 12 of the agreement indicates that it represents the entire and integrated agreement between the owner and architect and supersedes all prior negotiations, representations or agreements, either oral or written. However liberally this court may construe the pleadings, it cannot conclude that a specific result was guaranteed by defendant in the contract and specifications. Accordingly, the court determines that under New York law, the third cause of action fails to state a cause of action.
In sumfnary, if this court were to conclude that New York law totally governs the action, it would grant defendant’s motion in its totality and dismiss this action.
The court now turns to the issues as they involve the *559 application of Michigan law. As stated above, the contract between the parties provides in article 13, entitled "Applicable Law,” that "unless otherwise specified, this agreement shall be governed by the law of the principal place of business of the Architect”. Defendant’s principal place of business is in the City of Detroit, Michigan.
In dealing with the law of the State of Michigan, the court in the interest of clarity will treat separately each of the alleged causes of action set forth in the complaint. The court first turns to the negligence or malpractice cause of action.
It is not disputed that Michigan recognizes such a cause of action against an architect. Section 600.5839 of the Revised Judicature Act of the State of Michigan provides that an action to recover damages for injury to property arising out of the defective and unsafe condition of an improvement to real property must be commenced against an architect within six years of the time of occupancy of the completed improvement or acceptance of such improvement. Further, it is not disputed that said section covers a negligence claim against an architect. Thus, under the facts at bar since the date of the acceptance of the ramps herein was sometime in 1968, at first glance the action commenced in 1972 would appear to be timely.
However, the State of Michigan has what is commonly called a "borrowing statute” akin to CPLR 202. Thus, subdivision (2) of section 600.5861 of the Revised Judicature Act provides that "The period of limitation applicable to a claim accruing outside this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim.”
As previously noted, pursuant to section 600.5839, the cause of action accrued under Michigan law at the time of the acceptance of the improvement. It is conceded that this took place in New York in 1968. Further, as noted under the court’s discussion of New York law, the cause of action accrued in this State no later than the date the work was completed (Sosnow v Paul, 43 AD2d 978, affd 36 NY2d 780, supra). Accordingly, it is clear that under its borrowing statute, the State of Michigan would elect to apply the New York Statute of Limitations of three years for malpractice (CPLR 214). Thus, since the New York Statute of Limitations bars the claim, Michigan must apply it to the negligence — malprac *560 tice cause of action. (Revised Judicature Act, § 600.5839; see, also, Fries v Holland Hitch Co., 12 Mich App 178.)
There is however, one further point which must be discussed with respect to the negligence or professional malpractice cause of action. Section 600.5839 of the Revised Judicature Act which sets forth a six-year Statute of Limitations for actions against architects was adopted in July, 1967 and was made effective on November 2, 1967. This was after the date of the contract herein, to wit, May 15, 1967, although it was well before the completion date of the construction in 1968.
Prior to the enactment of section 600.5839, section 600.5838 was the only Michigan statute dealing with the accrual of a cause of action for malpractice actions. That section provides that the cause of action accrues at the time the professional discontinues servicing the plaintiff in a professional capacity. Further, subdivision (3) of section 600.5805 sets forth a two-year Statute of Limitations for actions charging malpractice and subdivision (7) of section 600.5805 sets forth a three-year Statute of Limitations for actions seeking recovery for injuries to persons or property.
Even if the court were to find that Michigan would not apply section 600.5839 since it was enacted after the contract involved here (parenthetically the court notes that it strongly doubts that such a result would be reached since the cause of action did not accrue under either the old or the new statute until the date of completion in 1968 which was after the effective date of section 600.5839) and would apply the provisions of section 600.5838 and subdivisions (3) and (7) of section 600.5805, the action would still be barred. Pursuant to those sections, the cause of action accrued upon the completion of the services in 1968 and under either its two- or three-year Statute of Limitations, Michigan would hold that the action commenced in 1972 was barred. Finally, even under the old statutory law, Michigan would apply its borrowing statute and apply the three-year Statute of Limitations of New York so as to bar the action.
On the basis of the foregoing, the court concludes that the first cause of action for professional malpractice or negligence is barred by the Michigan Statute of Limitations.
The court now turns to the claims regarding the second pleaded cause of action for breach of an implied warranty as it may exist under Michigan law.
Plaintiff alleges that Michigan recognizes a breach of war *561 ranty action against architects. In support of its position, it cites Weeks v Slavik Bldrs. (24 Mich App 621, affd 384 Mich 257) and American States Ins. Co. v Taubman Co. (352 F Supp 197).
In Weeks, the lower court found an implied warranty of fitness for use to the purchase of a new residential dwelling against the builder who sold it to plaintiffs. There plaintiffs sued for breach of warranty based on a leaking roof. The roof was made of certain tiles which the manufacturer and the builder had warranted as preventing leaks. In affirming the result reached by the lower court, the Supreme Court noted that the decision was based on a warranty with respect to the sale of personal property — the tiles, and the fact that they were placed on the house did not alter the builders obligation as a cowarrantor (emphasis added).
As noted by defendants herein, Weeks is based on warranties given with respect to the sale of goods and not services.
American States Ins. Co. (supra), also relied upon by plaintiff, is of no help to plaintiff since it did not involve a claim for warranty, but was limited solely to a claim of negligent installation.
An examination of Michigan law establishes that it does not recognize a cause of action for breach of implied warranty by an architect, but rather limits their liability to negligence or malpractice. In Chapel v Clark (117 Mich 638), the court stated that the law does not imply a warranty or a guarantee of perfection of an architect’s plans. It requires only the exercise of ordinary skill and care in the light of then present knowledge. In Bayne v Everham (197 Mich 181, 199), the court stated: "This court has held that the responsibility of an architect does not differ from that of a lawyer or physician. When he possesses the requisite skill and knowledge, and in the exercise thereof has used his best judgment, he has done all the law requires. The architect is not a warrantor of his plans and specifications. The result may show a mistake or defect, although he may have exercised the reasonable skill required.”
More recently, Michigan has restated its rule that the liability of an architect is limited to negligence and there is no implied warranty of fitness (see Ambassador Baptist Church v Seabreeze Heating & Cooling Co., 28 Mich App 424).
Once again, in view of the foregoing, the court must conclude that if Michigan law is applied, it requires a holding *562 that the second cause of action pleaded for breach of warranty fails to plead a cause of action.
The court now turns to the final cause of action set forth in the complaint, to wit, an alleged breach of contract. An examination of the applicable Michigan law reveals that it follows a policy akin to New York in that it looks to the gravamen of the cause of action rather than to the name given to it to determine which statute of limitations applies. Thus, in State Mut. Cyclone Ins. Co. v O & A Elec. Co-op. (381 Mich 318), it was stated that the court must look at the essence of the cause of action rather than the name given to it and, where recovery is sought for damages to property, the negligence Statute of Limitations rather than the contract Statute of Limitations must be applied. In Fries v Holland Hitch Co. (12 Mich App 178, supra), the court noted that where an alleged tort arises out of a contractual relationship, the court must look to the real nature of the wrong alleged and, unless there is a breach of a particular part of the contract through which recovery is sought for property damage, the negligence Statute of Limitations applies.
As previously noted, the invocation of the Michigan statute involving the negligence of an architect and the borrowing statute (§§600.5839, 600.5861, subd [2]) requires the application of the three-year New York Statute of Limitations for negligence which effectively bars the claim.
Accordingly, it is clear that if Michigan law is held to apply to the causes of action pleaded by plaintiff, the defendant’s motion to dismiss the complaint on the basis óf the defenses of Statute of Limitations and for failure to state a cause of action must be granted.
In light of the foregoing, regardless of whether New York or Michigan law applies to the case at bar, the defendant’s motion to dismiss must be granted in its entirety.
Therefore, it is not necessary for the court to determine which State’s law applies. However, the court points out that the facts at bar weigh heavily towards the imposition of the law of the State of Michigan.
Here, there is no showing of a strong public policy of the State of New York which would be offended by the imposition of Michigan law or that an "interests analysis” requires that New York law be applied. (See, e.g., Auten v Auten, 308 NY 155; Babcock v Jackson, 12 NY2d 473; Neumeier v Keuhner, 31 NY2d 121; 8 NY Jur, Conflicts of Law, § 20.) Rather we are *563 concerned with a commercial transaction in which the parties have expressed their intent to have the law of the State of Michigan applied and under the circumstances, the intent of the parties should be given effect (see, e.g., Levine v Shell Oil Co., 28 NY2d 205). It has been held that where the contract provides that the law of another State is to apply, that law will be applied so long as the contract has a reasonable relation to it. (A. S. Rampell, Inc., v Hyster Co., 3 NY2d 369.) The court further notes that the Restatement, Conflicts 2d, § 187 applies the law of the State selected by the parties in their contract unless it has no substantial relation to the parties.
Finally, the court notes that the contract involved herein is a form contract which is essentially one of adhesion which defendant required plaintiff to sign. Interestingly enough, it is the defendant which seeks to avoid the imposition of Michigan law and thus, the court, if it were required to do so, would be disposed to conclude that Michigan law applies.
One other point deserves brief mention. The contract provides that it shall be governed by the law of the principal place of business of the architect, to wit, Michigan. There is no claim herein that the parties by that clause intended to limit the application of the foreign , law solely to interpretation of the contract and its various provisions. Accordingly, the court does not deal with the claim which might be raised that while the parties intended Michigan law to be applied to the interpretation of the terms of the contract, they did not intend to apply said State’s law to the performance of the contract.
However, in view of the determination of this court that regardless of which law is applied, the complaint must be dismissed and the issues regarding the choice of law are moot.
To summarize, the defendant’s motion is granted in all respects.
Settle order on notice.