■ DOROTHY LANGE, Respondent, v TED BLAKE, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Defendant, a building contractor, appeals from a judgment of Supreme Court, entered on a nonjury verdict awarding plaintiff the sum of $1,000 as the reasonable cost of replacing a septic system installed for her by defendant at the time he constructed her new home. Defendant contends that the trial court erred in awarding damages on a theory of implied warranty. He urges that under *Perlmutter v Beth David Hosp.* (308 NY 100), there is no liability for implied warranty on a contract for services, only on the sale of goods. Although there is support for defendant's position (see *Sears, Roebuck & Co. v Enco Assoc.,* 83 Misc 2d 552, affd 54 AD2d 13; *Aegis Prods. v Arriflex Corp. of Amer.,* 25 AD2d 639), as well as for the opposing view *(Centrella v Holland Constr. Corp.,* 82 Misc 2d 537; *Town of Ogden v Howarth & Sons,* 58 Misc 2d 213; *Staff v Lido Dunes,* 47 Misc 2d 322), there is no need to decide that question. The evidence indicated that the defendant represented to plaintiff that he could build a septic system, that he was familiar with the area, that he knew the condition of the land was swampy, but that she could be assured she would have no water problems. The evidence showed too that in estimating his bid for the job, he put in a bid somewhat higher than usual to provide for the extra precautions he was going to have to take because of the condition of the land. On these facts the court was therefore justified in finding that the defendant had breached an implied term of the contract, viz., to construct a workable septic system for plaintiff. *(Dunn v Bloom,* 15 AD2d 687; *Lutz v Bayberry Huntington,* 148 NYS2d 762.) (Appeal from judgment of Oneida Supreme Court—building contract.) Present—Simons, J. P., Dillon, Hancock, Denman and Goldman, JJ.

■ MARTIN MERRIMAN et al., Respondents, v RICHARD J. GREENE et al., Appellants. (And Third-Party Action.)—Order unanimously affirmed, with costs, for the reasons stated at Special Term, Hudson, J. (Appeal from order of Oswego Supreme Court—breach of contract.) Present—Simons, J. P., Dillon, Hancock, Denman and Goldman, JJ.