OPINION OF THE COURT
Jose A. Padilla, Jr, J.
*764 On February 4, 2004, plaintiff Claire Ratusch commenced this small claims action against veterinarian Dr. Amy Attas, doing business as Center for Veterinary Care, alleging “breach of warranty”[1] arising from defendant’s spaying of her Maltese dog on May 7, 1997. Plaintiff alleges defendant left a gauze sponge[2] inside of her dog which was first discovered on April 22, 2003, following a subsequent procedure by another veterinarian.
Defendant now moves for summary judgment dismissing plaintiffs notice of claim and summons on the ground that the action is time-barred pursuant to CPLR 214 (6)’s three-year statute of limitations. In opposition and during oral argument, plaintiff’s counsel maintains that this action is governed by statutes applicable to “medical malpractice” actions, to allow plaintiff to avail herself of the benefit of the one-year “discovery” rule exception contained in CPLR 214-a to render it timely filed.
A determination of the applicable statute of limitations involves a review of the essence of plaintiffs claim rather than her characterization of her theory of liability (Sears Roebuck, supra at 43 NY2d at 395). Here, the gravamen of plaintiffs action is that defendant engaged in veterinary professional malpractice which resulted in damage to her property, a Maltese dog. Thus, at first glance, plaintiffs action is governed by the three-year statute of limitations contained in CPLR 214 (6). Indeed, a veterinarian is a member of a learned profession (Education Law § 6701) and thus capable of committing professional malpractice (see, Matter of Restrepo v State of New York, 146 Misc 2d 349 [Ct Cl 1989]; see also, Santiago v 1370 Broadway Assoc., 264 AD2d 624 [1st Dept 1999]). Since an action for property damage as well as professional malpractice, other than medical, dental or podiatric malpractice, accrues on the date of the injury (see, Gaidon v Guardian Life Ins. Co., 96 NY2d 201 [2001]), plaintiffs action was presumptively time-barred on May 7, 2000.
To avoid this result, plaintiff likens a veterinarian’s services to those of a “physician” for purposes of taking advantage of the *765 one-year discovery rule pertaining to “foreign objects” left inside a patient (see, CPLR 214-a).[3] Research has failed to find any reported case law or legislative history to offer support for the proposition that the State Legislature intended to include veterinary practice within the phrase “medical” contained in CPLR 214 (6) or 214-a. Those statutes relate to the rendition of medical treatment by a licensed physician (Bleiler v Bodnar, 65 NY2d 65, 72 [1985]; Karasek v LaJoie, 92 NY2d 171 [1998]).
In 1975, as part of a comprehensive plan to address the growing malpractice crisis affecting medical providers, specifically physicians and hospitals (Bleiler, supra at 68-69; Karasek, supra at 174-175), which are in the field of providing medical services to human beings (Education Law § 6521), the Legislature, inter alia, reduced the statute of limitations for “medical malpractice” actions from 3 years to 21/2 years (CPLR 214-a). Thereafter, the Legislature amended the above-noted statutes on two separate occasions to include dentists and podiatrists (L 1985, ch 760, § 3; L 1986, ch 485, § 3), professions similarly licensed to treat human beings only (see, Education Law §§ 6601, 7001). Recently, the Court of Appeals in Karasek (supra) relied heavily on those legislative factors in declining to extend the class of health care professionals who came within the framework of “medical,” to combat the unreasonable increases in malpractice insurance rates for purposes of the statute of limitations, to psychologists. The Court of Appeals opined that had the Legislature intended to add psychologists to CPLR 214-a, it could have easily done so when it exercised the opportunity to amend the statute (id. at 176-177).
Since the scientific field of veterinary care is limited to every living creature except a human being (Education Law § 6701), it cannot be judicially determined that such services are “medical” within the meaning and legislative intent of CPLR 214 (6) or 214-a. Consequently, defendant’s motion for summary judgment dismissing plaintiffs action is granted.

. A cause of action alleging “breach of warranty” for services rendered against a professional is not cognizable in New York State (see, Sears Roebuck & Co. v Eneo Assoc., 83 Misc 2d 552, 557 [Sup Ct, Westchester County 1975], affd 54 AD2d 13, 16 [2d Dept 1976], mod 43 NY2d 389 [1977]).

. Defendant’s motion contains an unsworn report, dated May 7, 2003, by Lori Ludwig, VM.D., who performed the April 22nd procedure on plaintiffs dog, and determined that the mass removed, consistent with a “suture or gauze,” was likely attributable to the 1997 spaying (exhibit C).

. Pursuant to CPLR 214-a, a medical malpractice based upon a “foreign” object in the body of a patient may be commenced within one year of the “discovery or of the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier.” This court notes that a suture is not a “foreign object” (see, LaBarbera v New York Eye & Ear Infirmary, 91 NY2d 207 [1998]). A gauze may be deemed a “foreign object” depending on whether it was left negligently, or intentionally (see, Delaney v Champlain Val. Physicians Hosp. Med. Ctr., 232 AD2d 840 [3d Dept 1996]).