■ AEGIS PRODUCTIONS, INC., Respondent, v. ARRIFLEX CORPORATION OF AMERICA et al., Appellants. ARRIFLEX CORPORATION OF AMERICA, Third-Party Plaintiff-Appellant, v. GENERAL RADIO COMPANY, Third-Party Defendant.— Order entered on August 25, 1965, denying motion to dismiss first cause of action unanimously affirmed, without costs or disbursements. The first cause of action alleges that the plaintiff purchased a housing for a motion picture camera which it already owned. It is not alleged that either of these articles was purchased from defendant, and presumably they were not. When plaintiff attempted to use the camera with the housing, certain difficulties arose. The complaint sets these out in detail, but it is sufficient for the purposes of this determination to say that a recording device which showed the number of exposures per second did not accord with the number actually taken by the camera. Plaintiff consulted defendant, who undertook to make the necessary adjustments. After twice taking the camera to its place of business, defendant returned it and stated that the camera was now in proper working order. Plaintiff further alleges that the adjustments were such that the device appeared to be synchronized but actually was not. The consequence was that plaintiff used the camera to make a moving picture which was spoiled by the defective timing. The pleading is far from a model of the pleader's art. It is replete with allegations that are suitable to a cause of action for breach of warranty. But by careful attention it can be discerned that breach of a contract to repair or adjust the mechanism is alleged. This undoubtedly constitutes a cause of action. However, on the trial plaintiff might well urge that its cause of action is for breach of warranty, and point to this affirmance as confirmation. Actually, there is no such cause of action. Warranties are limited to sales of goods. No warranty attaches to the performance of a service (*Perlmutter* v. *Beth David Hosp.*, 308 N. Y. 100). If the service is performed negligently, the cause of action accruing is for that negligence. Likewise, if it constitutes a breach of contract, the action is for that breach. The distinction in the case of a sale of goods is that a warranty gives rise to a cause of action without fault (Uniform Commercial Code, §§ 2–313, 2–314). No such right has ever been extended to include the consequence of a performance of a service. Whether the cause of action regarded as one solely for breach of contract will support the items of damage claimed is not before us and consequently not reached in this determination. Concur — Stevens, J. P., Eager, Steuer and Staley, JJ.

■ MILTON SCHWARTZ et al. v. GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.— Motion for reargument denied, with $10 costs. Concur — McNally, Stevens and Eager, JJ.; Rabin, J. P., dissents and votes to grant leave to reargue.

(March 22, 1966)

■ In the Matter of SUSAN L. ROSENSTIEL, Petitioner, v. J. DANIEL FINK, as a Justice of the Civil Court of the City of New York, New York County, et al.,Respondents.— Application denied and the petition dismissed on the law, on the facts and in the exercise of discretion for lack of merit and also improper forum, with $30 costs and disbursements to the respondents. Concur — Breitel, J. P., McNally, Stevens, Steuer and Staley, JJ.