OPINION OF THE COURT
Edward M. Horey, J.
In this action the plaintiffs sue to recover the balance allegedly due for services and materials furnished in effecting repairs to three rooms of the defendants’ house in Olean, New York, described as the kitchen, pantry and backroom.
The plaintiffs contend that the total labor furnished was of the agreed and reasonable value of $3,246.93 and that the materials were of the agreed and reasonable value of $4,767.93. Of the total claim of $8,014.86 the plaintiffs admit receipt of payment from the defendants of $4,069.02. *42 The balance of $3,945.84 constitutes the plaintiffs’ claim of balance due.
There was no written contract as such. The parties proceeded from a written estimate which had been prepared by an employee of the plaintiffs. That employee had held himself out as having certain expertise in remodeling and repairing and in the preparation of estimates of labor and materials necessary to effectuate them. The defendants assert, without any particular dispute, that they relied upon the advice of the plaintiffs’ employee concerning this written estimate and his intermittent inspection of the work while in progress.
The actual carpentry was performed by two experienced carpenters who were also employees of the plaintiffs.
The defense presented was that the repairs were not effected in a good and workmanlike manner.
There is rarely a Trial Calendar of a County or Supreme Court term for the disposition of civil litigation that does not contain a case similar to the one here for decision. Yet despite their frequency, these cases continue to present legal problems which generally are disproportionate to the amount involved. These problems arise frequently and particularly in the areas of legal concept and damages. Because the amounts involved are typically small, a majority of the cases are determined by compromise and only occasionally by jury verdict under court charges that have as many variances as there are Judges who give the charges. (Note is made that the Pattern Jury Instructions have ignored the subject matter.) There are few written decisions in this area of the law, either by trial courts or appellate courts.
Upon review, this court has reached certain conclusions. First, is that the law of New York recognizes that a person who undertakes to make repairs or build or construct has a certain duty relating to quality of the work undertaken, even in the absence of contract provisions. Secondly, while the duty is certain, there exist vast differences in concept as to the legal basis or origin of the duty.
In Gould v Banks (8 Wend 562) it was stated that a duty to perform in a “skillful and workmanlike manner” was *43 imposed by implication of law. In Lion Brewery of N. Y. City v Loughran (131 Misc 331, 334) it was stated that implied conditions were “a creation of the courts in order to do justice and * * * overcome the hardships of the strict enforcement-of the letters of contract law”. The decision was reversed in the Appellate Division, First Department, without any statement as to origin of implied condition expressed or implied that contradicts a written instrument can be proven because it would violate the paroi evidence rule. (See 223 App Div 623.) Recent vacillations of the appellate courts on a requirement to perform in a workmanlike manner seem to range from a duty borne out of (1) the concept of negligence in performance and (2) a breach of contract by nonperformance of what was contracted to be done. (See Trans Caribbean Airways v Lockheed Aircraft Serv. Int., 14 AD2d 749; Aegis Prods. v Arrifiex Corp. of Amer., 25 AD2d 639; Albermarle Theatre v Bayberry Realty Corp., 27 AD2d 172, citing extensively from Prosser on Torts and Rich v New York Cent. & Hudson Riv. R.R. Co., 87 NY 382.) Most recently, see Milan Assoc. v North Ave. Dev. Corp. (42 NY2d 482) where the court said (p 486) :
“As suggested in Perlmutter [Perlmutter v Beth David Hosy., 308 NY 100], those who hire experts for the predominant purpose of rendering services, relying on their special skills, cannot expect infallibility. Reasonable expectations, not perfect results in the face of any and all contingencies will be ensured under a traditional negligence standard of conduct. In other words, unless the parties have contractually bound themselves to a higher standard of performance, reasonable care and competence owed generally by practitioners in the particular trade or profession defines the limits of an injured party’s justifiable demands (e.g., Aegis Prods, v Arrifiex Corp. of Amer., 25 AD2d 639 [recognizing that in cases where ‘the service is performed negligently, the cause of action accruing is for that negligence’, and ‘if it constitutes a breach of contract, the action is for that breach’])”.
A discussion of the variances in conceptual approach is noted and reviewed by Professor Williston in his excellent *44 treatise on contracts. (See 6 Williston, Contracts [3d ed], §§ 813-817.) '
From the foregoing, this court has concluded that in the instance where a contract, oral or written, contains no provision as to the manner in which work requiring special skills is to be accomplished, then it is the law of this state that there is a duty, regardless of origin, that such work be done in a workmanlike manner.
Such a duty to perform in a workmanlike manner imposes on the performer only the degree of care or skill that a reasonably prudent, skilled worker would have exercised under the circumstances. There is no requirement of perfection. The test is reasonableness in the terms of what the workman of average skill and intelligence would ordinarily do.
Applying the test to the facts presented in the instant case, the court finds as a fact that the plaintiffs’ employees were deficient in effecting repairs to the floor of the kitchen, to the closet door in the entrance way, to the back entrance door and were deficient in constructing the soffit in the kitchen above the window.
Turning to the question of damages properly recoverable for the deficiencies in repair and construction that have been found, note is made of the decision of Bellizzi v Huntley Estates (3 NY2d 112). There, without reviewing or deciding upon any particular concept of origin of a duty to perform in a workmanlike manner, the Court of Appeals stated that in defective performance of construction contracts, the following rules of damages are to be applied (at p 115) :
If “the variance is so substantial as to render the finished building partially unusable and unsafe, the measure of damage is The market price of completing or correcting the performance’ ”.
“It is only Tf the defect is not thus remediable, damages are based on the difference between the value of the defective structure and that of the structure if properly completed.’ ”
In the case for decision, the parties are in agreement *45 that the deficiencies and omission in construction are remediable. They render the rooms involved only partially unusable. As a consequence, the determination is that the proper measure of damages here is “the market price of completing or correcting the performance”.
Applying that rule to the evidence presented on the trial of the issues, the determination is that the defendants sustained damages in the sum of $1,850. That sum may properly be set off against the plaintiffs’ claim of $3,945.84 as the balance due and unpaid.
Decision then is for the plaintiffs in the reduced sum of $2,095.84.