■ DAMIAN CASTILLO et al., Appellants, v MIKE TYSON et al., Respondents. [701 NYS2d 423] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered November 6, 1998, dismissing the complaint, and bringing up for review an order which, in a class action by fight fans against a boxer, fight promoters and fight telecasters seeking a refund of the money plaintiffs paid to view a fight in which the boxer was disqualified for biting his opponent's ear, granted defendants' motion to dismiss the complaint for failure to state a cause of action, and denied plaintiffs' cross motion to compel disclosure, and order, same court and Justice, entered February 8, 1999, which denied plaintiffs' motion to renew, unanimously affirmed, without costs.

Plaintiffs claim that they were entitled to view a "legitimate heavyweight title fight" fought "in accordance with the applicable rules and regulations" of the governing boxing commission, i.e., a fight that was to end either in an actual or techni-

cal knockout or by decision of the judges after 12 rounds, and that they are entitled to their money back because the fight ended in a disqualification. Many legal theories are invoked in support of this claim—breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, breach of express and implied warranties, tortious interference with contractual relations, "wantonness", fraud, negligent representation—none of which have merit. Plaintiffs are not in contractual privity with any of the defendants, and their claim that they are third-party beneficiaries of one or more of the contracts that defendants entered into among themselves was aptly rejected by the motion court as "contrived". Nothing in these contracts can be understood as promising a fight that did not end in a disqualification. The rules of the governing commission provide for disqualification, and it is a possibility that a fight fan can reasonably expect. Plaintiffs could not reasonably rule out such a possibility by the boxer's and promoters' public statements predicting a "sensational victory" and "the biggest fight of all time" (see, Presidio Enters. v Warner Bros. Distrib. Corp., 784 F2d 674, 679-680), and assuming other representations were made promising or implying a "legitimate fight", there can be no breach of warranty claim absent privity of contract between plaintiffs and defendants (see, County of Suffolk v Long Is. Light. Co., 728 F2d 52, 63), and also because defendants provided only a service (see, Aegis Prods. v Arriflex Corp., 25 AD2d 639; Bickett v Buffalo Bills, 122 Misc 2d 880, 883). Nor is a claim of fraud supported by plaintiffs' allegations that the boxer's former trainer predicted that the boxer would get himself disqualified if he failed to achieve an early knockout and that the boxer came out without his mouthpiece in the beginning of the round that he was disqualified. Plaintiffs' claim for unjust enrichment was properly dismissed by the motion court on the ground that plaintiffs received what they paid for, namely, "the right to view whatever event transpired". We have considered plaintiffs' other arguments, including that the action should not be dismissed before plaintiffs have had an opportunity to conduct disclosure, and find them unpersuasive. Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.