■ SEYMON GUTARTS et al., Plaintiffs, v JAY FOX, ESQ., et al., Respondents, and LT SERVICE CORP., Appellant. [961 NYS2d 101]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered September 27, 2012, which, to the extent appealed from as limited by the briefs, denied defendant L.T. Service Corp.'s cross motion for summary judgment dismissing the cross claims as premature, unanimously reversed, on the law, without costs, the cross motion granted, and the cross claims dismissed. The Clerk is directed to enter judgment accordingly.

Defendant L.T. Service Corporation (LT) was engaged by defendant Fox and his firm, O'Donnell & Fox (the Fox defendants) to file the necessary UCC statements to establish a lien in plaintiffs' favor on the cooperative apartment owned by nonparty Irina Chatkhan to secure a loan by plaintiffs to her. The Fox defendants had been retained as counsel by plaintiffs to file the necessary documents. As a result of erroneous information provided by the Fox defendants and a misapprehension on the part of LT as to how to correct the mistake, the lien was not perfected for nearly 18 months after it was first filed. In the interim, Ms. Chatkhan filed for bankruptcy, leading other creditors to challenge plaintiff's security interest.

Plaintiffs then commenced this action, alleging legal malpractice and negligence against all the defendants. The legal malpractice and negligence claims against LT did not survive a motion to dismiss. LT is not a law firm and had no duty to plaintiffs; it had been hired by the Fox firm as an independent contractor for the ministerial act of filing the necessary documents with the City Register's Office.

After plaintiffs' claims against LT were dismissed, the Fox defendants sought leave to amend their answer to include cross claims against LT for breach of contract, breach of warranty, and indemnification. LT opposed the amendment of the answer, and, in the event that leave was granted, sought summary judgment dismissing the cross claims. The motion court granted leave to amend the answer to contain all the alleged cross claims and denied LT's cross motion.

The court erred in denying the cross motion. The Fox defendants' alleged need for unspecified additional discovery was an insufficient basis to deny summary judgment. Plaintiffs' malpractice claim, far from being unspecified, alleges the Fox defendants' failure to file the UCC financing statement, as they had been retained to do. The record is clear that mistakes were made by both the Fox defendants and LT in completing the filing. The Fox defendants may not pass any liability they may have for this malpractice onto their independent contractor (*Kleeman v Rheingold*, 81 NY2d 270, 275 [1993]).

The record shows that LT had established its entitlement to judgment as a matter of law and the Fox defendants failed to raise any triable issue of fact. With regard to the breach of contract claim, the contract, as reflected by the invoices, was for LT to file a UCC correction statement and the termination statement on the Fox defendants' behalf. There is no question that, despite some difficulties, the documents were filed. That LT may have been negligent in its performance of the contract is of no moment; the contract as bargained for was performed. Indeed, even if LT was negligent, it would not be liable, as the Fox defendants have not alleged that any legal duty independent of the contract has been violated (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]).

A breach of warranty claim does not lie against LT, as there is no cause of action for breach of warranty where the defendant has only provided a service (*Aegis Prods. v Arriflex Corp. of Am.*, 25 AD2d 639, 639 [1st Dept 1966]).

Finally, there is no proper claim for indemnification against LT. The invoice agreement contains a liquidated damages provision, limiting LT's liability to the cost of the service provided, here, $160. Provisions such as these are routinely enforced (*see Mom's Bagels of N.Y. v Sid Greenebaum Inc.*, 164 AD2d 820 [1st Dept 1990], *appeal dismissed* 77 NY2d 902 [1991]), and there is no evidence in the record that would permit the Fox defendants to escape this contractual language limiting liability.

We have considered the parties' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Moskowitz, Abdus-Salaam, Román and Feinman, JJ.