New York Helicopter Charter, Inc. v Borneman (2019 NY Slip Op 00349)





New York Helicopter Charter, Inc. v Borneman


2019 NY Slip Op 00349


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Renwick, J.P., Manzanet-Daniels, Gische, Mazzarelli, Kahn, JJ.


8119 152189/14 -5412

[*1]New York Helicopter Charter, Inc., Plaintiff-Respondent,
v
Peter Borneman doing business as Aircraft Maintenance Specialists, et al., Defendants, Keystone Turbine Services, LLC, Defendant-Appellant.


Gordon Rees Scully Mansukhani, LLP, Harrison (Gregory Picciano and James E. Robinson of the bar of the State of New Jersey and the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for appellant.
Andrew D. Greene, P.C., Lake Success (Andrew D. Greene of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 18, 2018, which denied the motion of defendant Keystone Turbine Services, LLC (Keystone) to dismiss the complaint as against it, unanimously modified, on the law, to the extent of dismissing the cause of action alleging breach of warranty, and otherwise affirmed, without costs.
Plaintiff made a sufficient showing under CPLR 302(a)(1) to establish that New York courts have jurisdiction over Keystone (see Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]; Robins v Procure Treatment Ctrs., Inc., 157 AD3d 606, 607 [1st Dept 2018]). The evidence reflects that the claim of negligence in Keystone's maintenance, installation, and turbine repair arises out of Keystone's contacts with New York (see Helicopteros Nacionales de Colombia, S.A. v Hall, 466 US 408, 414 [1984]). Keystone chose to do business with a New York resident when it was hired to continuously repair the turbine at issue, and made visits to New York to observe the effect of the engine's failure and inspect the engine (see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 298-299 [2017]; Scheuer v Schwartz, 42 AD3d 314, 316 [1st Dept 2007]).
We modify to dismiss the breach of warranty claim because the repairs Keystone made on the subject turbine were services and not a sale of a refurbished turbine (see Gutarts v Fox, 104 AD3d 457, 459 [1st Dept 2013]; Aegis Prods. v Arriflex Corp. of Am., 25 AD2d 639 [1st Dept 1966]). Although Keystone's invoices state "sold to," the invoices clearly outlined that the bill was for the services Keystone conducted to repair the turbine.
We have considered the remaining arguments and find them unavailing.
M-5412 - New York Helicopter Charter, Inc. v Peter Borneman
Motion to enlarge the record granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK